CSD 1161 [07/01/18]
Name, Address, Telephone No. & I.D. No.

Henry Ahrens, Esq. (CA SBN 277964)
The Law Office of Henry Ahrens
3435 Camino del Rio South, Suite 210
San Diego, CA 92108
(619) 284-2884
ahrenslaw@aol.com

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
Sharon Hinda Driben, aka, Sharon H. Driben, aka, Sharon Driben
                                                                Debtor.

BANKRUPTCY NO. 25-02802-CL7

U.S. Bank Trust National Association, as Trustee for LB-Treehouse Series VI Trust
                                                                Moving Party

RS NO. SD-1

Sharon Hinda Driben, aka, Sharon H. Driben, aka, Sharon Driben
                                                                Respondent(s)

Hearing Date:  September 8, 2025
Hearing Time:  10:30 A.M.

## OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
☑ REAL PROPERTY      ☐ PERSONAL PROPERTY

Respondent in the above-captioned matter moves this Court for an Order denying relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter  ☑ 7  ☐ 11  ☐ 12  ☐ 13  was filed on  07/03/2025  .

2. Procedural Status:
   a. ☑ Name of Trustee Appointed *(if any)*: Gerald H. Davis
   b. ☐ Name of Attorney of Record for Trustee *(if any)*:
   c. ☑ Debtor has previously filed a Bankruptcy Petition on: 04/04/2025  .
      If applicable, the prior case was dismissed on: 07/03/2025  .
   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____ .

3. *Number of unsecured creditors  33  . Amount of unsecured debt $ 302,532.04  .

4. *Last operating report filed: _____

5. *Disclosure statement: Filed? (yes/no) _____. Approved? (yes/no) _____.
   If yes, date of plan confirmation hearing: _____

*Only required if respondent is the debtor in a Chapter 11 case.

CSD 1161

CSD 1161 (Page 2) [07/01/18]

Respondent alleges the following in opposition to the Motion:

1. ☑ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

   10747 Wilshire Boulevard, Apt. No. 1208, Los Angeles, CA 90024, Los Angeles County, State of California

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   Condominium

   c. Legal description of property is attached as Exhibit A.

   d. **Fair market value of property: $ 741,332.00       .

   e. **Nature of Respondent's interest in the property:   Fee Simple

2. ☐ The following personal property is the subject of this Motion (describe property):

   a. **Fair market value of property: $_____.

   b. **Nature of Respondent's interest in the property:

3. Status of Movant's loan:
   a. Balance owing on date of Order for Relief:                $        477,126.58
   b. Amount of monthly payment:                                $          2,397.84
   c. Date of last payment:                                     in dispute
   d. If real property,
      (1) Date of default:                                      in dispute
      (2) Notice of Default recorded on:                        10/07/2024
      (3) Notice of Sale published on:                          01/14/2025
      (4) Foreclosure sale currently scheduled for:             06/09/2025
   e. If personal property,
      (1) Pre-petition default:      $_____            No. of months:_____
      (2) Post-petition default:     $_____            No. of months:_____

4. (If Chapter 13 Case, state the following:)
   a. Date of post-petition default:                            _____
   b. Amount of post-petition default:                          $_____

5. Encumbrances:
   a. Voluntary encumbrances on the property:

| Lender Name | Principal Balance | Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Movant | 477,126.58 | In dispute | | 2,397.84 | 1 |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $         477,126.58 | $         0.00 | | $         2,397.84 | |

**Separately filed Declaration required by LBR 4001-4.

CSD 1161

CSD 1161 (Page 3) [07/01/18]

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens):
            ☑ See attached page, if necessary.

        County of Los Angeles property taxes, in the amount of $10,029.85

6.    Relief from the automatic stay should not be granted because:

    a.    ☑ Movant's interest in the property described above is adequately protected.

    b.    ☐ Debtor has equity in the property described above and such property is necessary to an effective reorganization.

    c.    ☐ The property is not "single asset real estate", as defined in 11 U.S.C. § 101(51B).

    d.    ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and less than 90 days (or _____ days ordered by this court) have passed since entry of the order for relief in this case, or

        (1)    the Debtor/Trustee has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

        (2)    the Debtor/Trustee has commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien) which payments are equal to interest at a current fair market rate on the value of each creditors' interest in the property.

    e.    ☑ Other *(specifiy)*: ☐ See attached page.

        Movant's interests in the property are adequately protected as there is well in excess of a 20% equity cushion in the property protecting Movant. See In re Mellor, 734 F.2d 1396, 1401-02 (9th Cir. 1984)

When required, Respondent has filed a separate Declaration pursuant to LBR 4001-4.

Respondent attaches the following:

1.    ☐ Other relevant evidence:

    Attached Declaration of Henry Ahrens, attorney for the Debtor, and exhibits attached thereto.

2.    ☐ *(Optional)* Memorandum of points and authorities upon which the responding party will rely.

**Wherefore**, Respondent prays that this Court issue an Order denying relief from the automatic stay.

Dated: 08/15/2025

                                            /s/ Henry Ahrens
                                            [Attorney for] Respondent

CSD 1161

The Law Office of Henry Ahrens
By: Henry Ahrens, Esq. (CA SBN 277964)
3435 Camino del Rio South, Suite 210
San Diego, California 92108
Telephone Number: (619) 284-2884
Facsimile Number: (619) 209-7443
E-Mail Address: ahrenslaw@aol.com

Attorneys for Debtor Sharon Hinda Driben

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 25-02802-CL7 |
| | RS No. SD-1 |
| Sharon Hinda Driben | |
| | **DECLARATION OF HENRY AHRENS** |
| | **IN OPPOSITION TO MOTION FOR RELIEF** |
| Debtor. | **FROM AUTOMATIC STAY** |
| | DATE: September 8, 2025 |
| | TIME: 10:30 A.M. |
| | DEPT.: 1, Room 218 |
| | JUDGE: Chief Judge Christopher B. Latham |

That I, HENRY AHRENS, declares as follows:

1. That I am the attorney who represents the Debtor, Sharon Hinda Driben (hereinafter, the "Debtor") in the above captioned Chapter 7 case. That I submit this Declaration in Opposition to the Motion for Relief From the Automatic Stay (Docket Number (hereinafter referred to as "DN") 19) that has been filed in this matter by U.S. Bank Trust National Association, as Trustee for LB-Treehouse Series VI Trust (hereinafter referred to as "Movant", or "U.S. Bank"). Movant is the first (and only) mortgagee with respect to Debtor's primary residence. That I make this Declaration based upon my personal knowledge of the facts and circumstances stated herein and also based upon my review of the file maintained in my office as to this matter, except for those matters stated to be upon information and belief, and as to those matters, I verily believe them to be true and correct. If called upon as a witness I would testify competently as to these facts.

- 1 -
DECLARATION IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

2. The within motion requests lifting of the automatic stay of 11 U.S.C. Section 362 with respect to Debtor's primary residence, a condominium with a street address of 10747 Wilshire Boulevard, Apt. No. 1208, Los Angeles, California 90024 (hereinafter referred to as "the property").

3. Movant's primary basis for requesting that the automatic stay be lifted in this case is by simply checking the box on line 8a of Court Form CSD 1160, to assert that Movant's interest in the property is not adequately protected. Other than checking this box, Movant has not provided any legal analysis or explanation whatsoever in Movant's moving papers to explain why they are not already adequately protected.

4. Annexed hereto as Exhibit "B" is a Redfin estimate, which was run in April 2025, at the time of the filing of Debtor's prior bankruptcy filing, under Case Number 25-01371-CL7, which places the value of the property in question at $741,332.00. According to Debtor's Schedule D, the amount of Movant's lien, as of the date of filing of the petition, was $477,126.58. According to Movant's within moving papers, the amount of their lien, as of the date of filing, was $489,830.49. Assuming *arguendo* that Movant is correct as to the amount of their lien as of the date of filing, that would mean that total equity in the property, as of date of filing, was $241,471.66 ($741,332.00 Fair Market Value less Movant's lien of $489,830.49, less property taxes owed of $10,029.85).

5. I note that Movant has acquiesced to Debtor's valuation of the property as being $741,332.00. See paragraph 14 of the Declaration of Angela K. Viale, which is part of Movant's moving papers, in which Ms. Viale states "[m]ovant alleges the value of the Property to be approximately $741,332.00 based upon the Debtor's Schedule A".

6. Using the aforesaid numbers of Movant themselves would mean that there is an equity cushion in the property of 32.57%, which is calculated by dividing the aforesaid equity in the property of $241,471.66 by the Fair Market Value of the property of $741,332.00.

7. The Ninth Circuit has held that an equity cushion of 20% constitutes adequate protection. See In re Mellor, 734 F.2d 1396, 1401-02 (9th Cir. 1984). As aforesaid, using strictly Movant's own

- 2 -
DECLARATION IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

numbers as to both the Fair Market Value of the property and the amount of Movant's lien as of the date of filing of the petition, the equity cushion in the property is 32.57%, which is well in excess of 20%, which is all that the Ninth Circuit requires for there to be adequate protection.

8. Based upon the above analysis, Debtor is correct that there is adequate protection in the property for Movant, and Movant is incorrect in their assertion that they are not adequately protected. Given that the purported lack of adequate protection was almost (see *infra*) the sole and exclusive basis asserted by Movant for their within motion to lift the automatic stay, then Movant's motion to lift the automatic stay must be denied. As a matter of basic application of established Ninth Circuit law, and using Movant's own numbers both as to the Fair Market Value of the property and the amount of Movant's lien, there is adequate protection for Movant with respect to the property in an amount well in excess that required pursuant to applicable Ninth Circuit law.

9. I had stated in paragraph 8, *supra*, that lack of adequate protection was "almost" the sole and exclusive basis asserted by Movant as to why they are requesting that the automatic stay be lifted. I will herein explain what I meant by use of the word "almost". In Court Form CSD 1160, paragraph 8(d) of Movant's moving papers, Movant states that the automatic stay should also be lifted because "[a]fter factoring in Debtor's homestead exemption, there is no value to the bankruptcy estate". Although the aforesaid statement may be a factually accurate statement, it nonetheless does not assert a legally recognized basis for lifting the automatic stay. In essence, this argument is basically stating that the automatic stay does not apply at all in circumstances where there is no value in an asset to the bankruptcy estate. Such an assertion is simply the opposite of what the Bankruptcy Code provides. 11 U.S.C. Section 362(a)(5) provides that the automatic stay applies to "any act to create, perfect, or enforce against property **of the debtor** any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title". [emphasis added] As such, Section 362(a)(5) clearly establishes that the automatic stay applies equally to Debtor's aforesaid Property, and not only to property of the bankruptcy estate.

10. It should also be noted that 11 U.S.C. Section 362(d)(1) through (4) establishes the four instances or circumstances in which the automatic stay may be lifted. Movant has only asserted that the automatic stay should be lifted based upon Section 362(d)(1), specifically regarding the alleged

- 3 -
DECLARATION IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

lack of adequate protection, which has been discussed *supra*. The other three circumstances in which the automatic stay may be lifted, as set forth in 11 U.S.C. Section 362(d)(2) through (4) are not even asserted as existing herein in Movant's motion for relief from stay, and therefore they will not be discussed in this opposition to the motion. However, it should suffice to state that none of these scenarios set forth in 11 U.S.C. Section 362(d)(2) through (4), in which the automatic stay may be lifted, are applicable herein.

11. Further, given that Debtor's within bankruptcy is a Chapter 7 case, Debtor's bankruptcy will be completed within a relatively short amount of time, most likely within the next several months. The Chapter 7 panel trustee, Gerald H. Davis, has already concluded his investigation into this matter and has asked to be discharged from any further duties as trustee (DN 30). At the conclusion of Debtor's Chapter 7 case, the automatic stay will then be lifted as a matter of law. Movant has not articulated any reason why they cannot simply wait the two months or so until Debtor's Chapter 7 case is completed to then pursue their state court remedies. Given that Movant is already more than adequately protected pursuant to Ninth Circuit law, and given that Movant has not put forth any emergency reason or exigent circumstances as to why they cannot simply wait approximately two months until Debtor's Chapter 7 case is completed, there is absolutely no reason for the automatic stay to be lifted at this time.

12. It should be noted that there is also currently pending state court litigation in which Debtor has asserted that she does not owe Movant any or most of the pre-petition mortgage arrears that Movant has indicated they are owed in this matter. That litigation, upon information and belief, is currently stayed pursuant to Debtor's within Chapter 7 bankruptcy. Said state court litigation is entitled <u>Driben vs. SN Servicing Corporation, et al</u>, Case Number 25SMCV00068, Superior Court of California, County of Los Angeles, Civil Division, West District, Santa Monica Courthouse.

**WHEREFORE**, it is respectfully requested that Movant's motion for the automatic stay to be lifted be denied for the reasons stated herein, and for such other, further and different relief as this Court may deem just, proper and equitable given the within facts and circumstances.

- 4 -
DECLARATION IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

That I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct.

Dated: August 15, 2025
San Diego, California

                                                  THE LAW OFFICE OF HENRY AHRENS

By:   /s/ Henry Ahrens
       Henry Ahrens
       Attorneys for the Debtor

- 5 -
DECLARATION IN OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

# EXHIBIT "A"

**EXHIBIT 'A'**

A condominium comprised of:

Parcel 1:

C) An undivided 1/90th interest in and to Lot 1 of Tract No. 34414, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 922 Pages 71 and 72 of Maps, in the office of the county recorder of said county.

Except therefrom Units 1 to 90, inclusive, as shown and defined on the Condominium Plan, recorded August 27, 1979, as Instrument No. 79-949787, of Official Records, Los Angeles County.

D) Unit 66, as shown and defined on the Condominium Plan referred to above.

Parcel 2:

An exclusive easement to and the exclusive right to use, for parking purposes only, without limitation as to time, Parking Spaces 127 and 128, as shown on the parking plan, referred to above.

APN: 4360-011-225

# EXHIBIT "B"

Local rules require you to be signed in to see all of the details. **Sign in** or **Join** for free with no obligation.

SOLD

**10747 Wilshire #1208**, Los Angeles, CA 90024

| **$741,332** | **1** | **2** | **1,006** |
|---|---|---|---|
| Redfin Estimate | Bed | Baths | Sq Ft |

### Is this your home?

Track this home's value and nearby sales activity

[ I own 10747 Wilshire #1208 ]

**Rates have dropped**
Lower mortgage rates could mean more buyers and higher sale prices.
Learn more

## About this home

Designer's own unit re-interpreted to reflect today's loft-like

Sign in for details 🔒

- Condo
- 1972
- $737 Redfin Estimate per sq ft
- 1 garage spaces
- Has A/C
- Shared laundry
- Westwood - Century City

Source: Public Records

## Redfin Estimate

# $741,332

▲ $136K since sold in October 2006    ▲ $25K since February

~ Estimate history    🕘 Recently sold homes    🏠 Homes for sale

1 year    5 year



Claim this home to receive a free report every month with insights on the changing estimate.

I own 10747 Wilshire #1208

## Homeowner tools

~ **View owner dashboard**  >
Track your estimate and nearby sale activity

✏ **Edit home facts**  >
Review property details and add renovations

📷 **Manage photos**  >
Update home photos or make them private

🏠 **Home sale earnings**  >
Est. $704K when you sell with Redfin

📈 **Local market trends**  >
Homes go pending in 58 days

🏠 **Rental estimate**  >
Est. $4,002 per month, based on comparable rentals